IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL GENORD WASHINGTON, | § | |
| TDCJ #351532, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2555 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Michael Genord Washington (TDCJ #351532) is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").   Washington has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a 1983 state court conviction.  Washington appears *pro se* and, to date, he has not paid the filing fee.  After reviewing the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.   BACKGROUND

A jury in the 228th District Court of Harris County, Texas, found Washington guilty of murdering his girlfriend's seven-year-old daughter in cause number 371407 and sentenced him to serve ninety-nine years' imprisonment in that case.  A state court of appeals affirmed the conviction.  *See Washington v. State*, 662 S.W.2d 653 (Tex. App. — Houston [14th

Dist.]1983).   The Texas Court of Criminal Appeals refused Washington's petition for discretionary review in 1987 as untimely filed.

Washington now seeks a federal writ of habeas corpus to challenge his 1983 murder conviction in cause number 371407.  Washington's sole claim is that he was denied an expert witness on DNA evidence to assist with his defense.  Washington's pending federal habeas corpus petition is dated August 2, 2007.[1]  Thus, it appears that his pending petition is barred by the governing one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1)(A).

More importantly, the record reflects that this is not the first federal habeas corpus petition that Washington has filed to challenge his conviction in cause number 371407.  Washington's most recent attempt at federal habeas corpus review was dismissed under 28 U.S.C. § 2244(b) as an unauthorized successive petition.  *See Washington v. Quarterman*, Civil Action No. H-07-2090 (S.D. Tex. July 2, 2007).  Another recent petition challenging the same conviction was dismissed as barred by the governing statute of limitations and as an unauthorized successive petition.  *See Washington v. Quarterman*, Civil Action No. H-07-1947 (S.D. Tex. June 14, 2007).  Prior to these actions, another petition filed by Washington was dismissed with prejudice as time-barred.  *See Washington v. Dretke*, Civil Action No. H-06-0318 (S.D. Tex. Feb. 24, 2006).  In light of Washington's litigation history, the Court

---

[1]     The Clerk's Office received the petition on August 8, 2007, and filed it the same day.  Under the mail-box rule, courts treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001). Because the pleadings are dated August 2, 2007, the petition is deemed filed on that date.

concludes that the pending petition is also subject to dismissal as an unauthorized successive application for federal habeas corpus review.

## II.   **DISCUSSION**

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999), *cert. denied*, 529 U.S. 1097 (2000).  In that respect, before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).  If the pending petition qualifies as a successive writ, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d at 235. Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).  The claim referenced in the pending petition could have been presented previously in one or more of Washington's earlier habeas corpus proceedings in this district.  Thus, the pending petition meets the

second-or-successive criteria.  Moreover, Washington's repetitive filing qualifies as an abuse of the writ.[2]

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*.  *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application.  *See* 28 U.S.C. § 2244(b)(3)(A).  "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit."  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).  The petitioner has not presented the requisite authorization.  Absent such authorization, this Court lacks jurisdiction over the petition.  *Id.* at 775.  Accordingly, the petition must be dismissed as an unauthorized successive writ.

## III.    CERTIFICATE OF APPEALABILITY

---

[2]    Court records confirm that Washington, who has not paid the filing fee in this case or requested leave to proceed *in forma pauperis*, is an abusive litigator.  Washington is barred from proceeding as a pauper in any civil rights action under 28 U.S.C. § 1915(g), because he has filed at least five frivolous or malicious suits while incarcerated:  *Washington v. Bennett, et al.*, Civil Action No. 6:96cv348 (W.D. Tex. Aug. 17, 1998); *Washington v. Pelz*, Civil Action No. 3:88cv183 (S.D. Tex. Sept. 12, 1991); *Washington v. Garcia*, Civil Action No. 3:91cv308 (S.D. Tex. Sept. 11, 1991); *Washington v. Malovet*, Civil Action No. 3:91cv337 (S.D. Tex. Nov. 18, 1991); *Washington v. Lynaugh, et al.*, Civil Action No. 3:88cv104 (S.D. Tex. April 20, 1990).  Numerous other civil rights cases by Washington have been dismissed as barred by the three-strikes rule found in § 1915(g).

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed. *See* 28 U.S.C. § 2253; *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner has stated a valid claim. Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

## IV.    CONCLUSION

Because the pending federal habeas corpus petition is successive and lacking in authorization, the Court **ORDERS** as follows:

1.    This federal habeas corpus proceeding is **DISMISSED** without prejudice for lack of jurisdiction.

2.    A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

5

SIGNED at Houston, Texas, on August 13, 2007.


_____

Nancy F. Atlas
United States District Judge